189 So.2d 315 (1966)
Wallace LaBOVE, Plaintiff and Appellant,
v.
AMERICAN EMPLOYERS INSURANCE COMPANY, Defendant and Appellee.
No. 1774.
Court of Appeal of Louisiana, Third Circuit.
August 3, 1966.
*316 Rogers, McHale & St. Romain, by Robert M. McHale, Lake Charles, Jones & Jones, by Jerry G. Jones, Cameron, for plaintiffs-appellants.
Cavanaugh, Brame, Holt & Woodley, by Fred Cappel, Lake Charles, for defendant-appellee.
Before TATE, FRUGE and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a suit for damages for personal injuries arising out of a three-car collision. The plaintiff, Wallace LaBove, sues his own liability insurer, American Employers Insurance Company, under an uninsured motorists clause. He alleges that the driver of one of the vehicles, Mrs. H. A. McBroom, was uninsured; and that the accident was caused solely by her negligence. Defendant filed a motion for summary judgment on the grounds that coverage under the uninsured motorists clause is excluded, because plaintiff made a compromise settlement with the driver of the third vehicle, Willard J. Ardoin, and his liability insurer, Reliance Insurance Company, without defendant's written consent. The district judge granted the summary judgment. Plaintiff appealed.
The substantial issue on appeal is the construction of the following exclusionary clause under Part IV, which provides protection against uninsured motorists:
"Exclusions: This policy does not apply under Part IV:

* * * * * *
"(b) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor;"
The facts of the accident, as alleged in plaintiff's petition, are as follows: Plaintiff was driving west on State Highway 27 in Cameron Parish. Mrs. McBroom was stopped in the east-bound lane of traffic, apparently intending to turn left after LaBove passed. A panel truck driven by Willard J. Ardoin was approaching the McBroom vehicle from the rear. Due to the emergency created by Mrs. McBroom's sudden stop without signaling, Ardoin was unable to stop. Ardoin drove into the west-bound lane, colliding head-on with plaintiff. Plaintiff alleges that the sole and only cause of the accident was the negligence of Mrs. McBroom, the uninsured driver.
The defendant attached to its motion for summary judgment a duplicate original of an act of compromise and release, whereby Wallace LaBove received the sum of $9,500 from Willard J. Ardoin, and his liability insurer, Reliance Insurance Company, in full settlement of all claims arising out of the accident. Defendant also attached an affidavit of its local representative, stating that no written consent was given by defendant for plaintiff to make the above described settlement.
Plaintiff filed no counter-affidavits and does not dispute the fact that he entered into the settlement without any written consent from the defendant.
Plaintiff's argument on appeal is that the words, "may be", contained in the above quoted exclusionary clause, must be construed to be the equivalent of "is". Under such a construction, plaintiff contends there is a genuine issue of material fact as to whether Ardoin "is" legally liable. Hence, that under the provisions of LSA-C.C.P. Article 966, summary judgment *317 cannot be granted because there is a genuine issue of material fact which must be decided in a trial.
Webster's New World Dictionary, College Edition, 1954, gives the following pertinent definitions of the word "may": "2. possibility or likelihood: as, it may rain. 3. permission or chance: as, you may go: see also can." This same dictionary defines the word "may be" as meaning "perhaps; possibly." From these dictionary definitions it is apparent that generally, in ordinary usage, the words "may be" are used as the equivalent of possibly, perhaps or by chance. Of course, the context may be such as to indicate a different meaning, but this is the general usage.
In Words and Phrases, Permanent Edition, Vol. 26A, many cases are cited interpreting the word "may", as well as the verb phrase "may be". Several cases point out that in statutes "shall be" is usually mandatory and "may be" is permissive. Other cases point out that, according to the context, "may be" implies futurity. Several of these cases, applicable here, hold that the words "may be" are used as the equivalent of possibly or by chance. State v. Howland, 153 Kan. 352, 110 P.2d 801; McElroy v. Luster, 254 S.W.2d 893 (Tex.Civ.App.); Carson v. Turrish, 140 Minn. 445, 168 N.W. 349, L.R.A.1918F, 154. It is noteworthy that we find no case in which the words "may be" have been construed as words of certainty as distinguished from uncertainty, possibility or chance.
LSA-C.C.P. Article 1111, in pertinent part, contains language very similar to that in question here:
"The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand." (Emphasis supplied.)
In cases involving solidary obligors, both contractual and delictal, LSA-C.C.P. Article 1111 has been consistently interpreted to allow the one sued to use the third party demand to bring in the other even though the third party defendant has not been found liable by judgment of court. Thus the third party demand is allowed against parties who "may be" liable, i. e., one who possibly, perhaps or by chance may be found liable at the trial. Danks v. Maher, 177 So.2d 412 (La.App.); Lewis v. Republic Supply Company, 155 So.2d 200 (La.App.).
Counsel have not cited, nor have we found, any Louisiana case construing the exclusionary clause in question. We have found only two such cases from other jurisdictions. In Portillo v. Farmers Insurance Exchange, 47 Cal.Rptr. 450 (Cal. App.1965) the injured insured first sued the other party and actually obtained a judgment, which he then settled for an amount less than the full award. He then sued his own liability insurer under the uninsured motorists clause. It is interesting that in the Portillo case it was argued that the consent requirement of the exclusion was inapplicable because the settlement was not made with a person who "may be" liable but, instead, was made with a person whose liability had already been established by a judgment. Nevertheless, without discussion, the court held:
"We have concluded that the required consent was not given by the insurance company before the settlement was made and that plaintiffs did not comply with the terms of the uninsured motorist clause of the policy."
Phoenix Insurance Company v. Bowen, 178 So.2d 751 (Fla.App.1965) was a suit by the insurer for declaratory judgment as to its liability under the uninsured motorists clause. The insured, Bowen, had settled with the uninsured motorist for "$1 and other valuable consideration". The insured argued that he thought he was merely releasing the uninsured driver so he could get his driver's license back. The lower court apparently accepted this contention and *318 granted a summary judgment in favor of the insured, holding that the settlement did not exclude coverage under the uninsured motorists clause. In reversing, the appellate court held:
"We find that the trial court misconstrued the legal effect of the evidence before it, and granted summary judgment in favor of the wrong party. Defendant's evidence is insufficient in law to raise a genuine issue of material fact impeaching the release."
Thus, the only two applicable cases found support the contention of the defendant insurer.
The purposes of the exclusion also support defendant's view. One obvious purpose is to prevent settlements with parties who perhaps "may be" liable, without first putting the insurer on notice of the proposed settlement. Under the terms of the policy, the amount payable under the uninsured motorists clause is reduced by any sum received from any person who is jointly liable. Hence, the defendant insurer is interested in having notice of any such settlements. Defendant also might possibly want to enter into the negotiations in an effort to make an advantageous settlement of its own coverage. Also, it is obvious that defendant's subrogation rights would probably be lost by such a settlement and, hence, defendant would lose this valuable right.
The defendant insurer admits that one purpose of the exclusion is to prevent the insured from making a small settlement with the uninsured motorist, who might then testify admitting liability; or who may have assets which would, because of the settlement, become unavailable to indemnify the insurer for any payment it makes. Nevertheless, the language is not restricted to settlement with the uninsured motorist. It clearly and unequivocally states that a settlement with any person who "may be" liable, made without the written consent of the insurer, precludes recovery.
Our jurisprudence is settled that where the language of a policy is clear and unambiguous it constitutes the contract between the parties, which must be enforced as written. Also, in the absence of any statutory prohibition, the defendant insurer may impose whatever conditions it pleases upon its obligations under the policy. Kennedy v. Audubon Insurance Company, 82 So.2d 91 (La.App.); King v. Mason, 234 La. 299, 99 So.2d 117.
As used here, the words "may be legally liable" clearly refer to any person who possibly, perhaps or by chance may be liable and not to any person who has already been held liable by judgment of court. Applying this construction to the present case, it is clear that the settlement with Ardoin was made; and that Ardoin may possibly be liable. Hence, coverage is excluded.
Having reached the conclusion that coverage is excluded, it is unnecessary for us to consider defendant's second argument, which concerns the "Limits of Liability" provisions. The policy states that liability for uninsured motorists shall be reduced by all sums paid by "any other person or organization jointly or severally liable together with such owner or operator." In the present case, the sum paid by the "other person" was $9,500, which exceeds the $5,000 coverage under the uninsured motorists clause. Hence defendant argues its limit of liability is reduced to nothing. But, the language here does not say any person who "may be" liable. It says any person "jointly or severally liable", which could mean that it is restricted to persons who are actually liable. Nevertheless, we express no opinion in this regard because it is not necessary.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.