Douglas GRISSOM et ux., Appellants,

v.

SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Appellee.

No. 5064.

Court of Civil Appeals of Texas, Waco.

Feb. 3, 1972.

Rehearing Denied Feb. 17, 1972.

Harkness, Friedman & Kusin, Errol Friedman, Texarkana, for appellants.

Haley, Fulbright, Winniford & Bice, W. C. Haley, Waco, for appellee.

## OPINION

JAMES, Justice.

This case involves uninsured motorist coverage of automobile insurance. Appellant Mrs. Lizbeth Grissom was a passenger is an automobile driven by Mrs. Karen Lee, when the Lee vehicle was in a collision in Delta County, Texas, with a vehicle driven by Mrs. Judy Stafford on March 11, 1968. Mrs. Lee was killed, and Mrs. Grissom and two other passengers in the Lee car were seriously injured as a result of the collision. The collision was attributable to the negligence of Mrs. Stafford, who was an uninsured motorist within the legal definition of that term. Mrs. Stafford was also killed in the collision.

At the time of the collision, the Lee car was covered by a policy of automobile liability insurance with Westchester Fire Insurance Company (hereinafter called "Westchester") with standard liability provisions in the amount of $10,000/$20,000, as well as standard uninsured motorist coverage in the amount of $10,000/$20,000. Appellants Lizbeth Grissom and husband Douglas Grissom had two automobile liability policies of their own, each containing standard uninsured motorist coverage in the amount of $10,000/$20,000, with appellee Southern Farm Bureau Casualty Insurance Company (hereinafter called "Southern Farm").

Subsequent to the collision, the Lee Estate and passengers other than Mrs. Grissom filed a suit against Westchester in Lamar County, Texas, for damages under the terms of the uninsured motorist provisions of the Lee policy with Westchester. Thereafter appellants Douglas and Lizbeth Grissom intervened in the suit and impleaded Southern Farm as a party defendant, and sought to recover damages under both the Lee (Westchester) policy as well as their own two policies with Southern Farm, under the uninsured motorist provisions of each and all of said policies.

Thereafter Southern Farm filed a plea of privilege to move that portion of the suit which pertained to it (Southern Farm) to McLennan County, which was sustained; pursuant to which action this portion of the suit was transferred to the 74th District Court of McLennan County, Texas. After this had been done, the plaintiffs in the Lamar County suit settled their case against Westchester, and an agreed order dismissing Westchester out of the suit was entered, wherein Westchester paid its $20,000 limits to the several plaintiffs, said total amount being divided in respective amounts as agreed upon by the plaintiffs concerned, the portion of the Appellants (Grissoms) being $2500.00. The agreed order of dismissal was based upon an escrow agreement and a compromise settlement agreement between all the plaintiffs and Westchester, in which the Grissoms fully released Westchester of any and all claims but specifically reserved the right to pursue their cause of action against Southern Farm.

Southern Farm was not a party to the escrow agreement, the compromise settlement agreement or the order of dismissal above referred to, and had no actual knowledge thereof except as shown by the telephone conversation between Hon. W. C. Haley, (attorney for Southern Farm) and Hon. Harry Friedman (attorney for the Grissoms) of April 1, 1971, which will be discussed later on in this opinion.

The form of the Southern Farm policies issued to the Grissoms was submitted to the State Board of Insurance of the State of Texas and approved by said board prior

to the issuance of said policies. Each of the Southern Farm policies held by the Grissoms contained the following provisions under uninsured motorist coverage:

"This policy does not apply to Part IV:

(a) - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

(b) To bodily injury to an insured with respect to which such insured, his legal representative, or any person entitled to payment under this coverage, shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor;"

The Grissoms pursued their suit against Southern Farm in the 74th District Court of McLennan County, Texas, upon written stipulated facts agreed to by both sides, and trial was had to the Court without a jury, wherein the court entered judgment that the Plaintiff-appellant Grissoms take nothing against Defendant-appellee Southern Farm.

The Grissoms assail the trial court's judgment on three points of error, the first point in effect being that the trial court erred in holding that the Grissoms had no coverage with Southern Farm under the uninsured motorists provisions solely because of a prior compromise settlement agreement entered into with another insurance carrier, without the written consent of Southern Farm.

The above-quoted provision in each of the Southern Farm policies held by the Grissoms plainly states that if the insured makes any settlement with any person or organization who may be legally liable, without written consent of Southern Farm, that the insured has no coverage under the uninsured motorist part of the policy.

No written consent of Southern Farm was obtained by the Grissoms before settlement was made between the Grissoms on the one hand and Westchester and Lee on the other. Under the plain and clear provisions of this uninsured motorist coverage, if the insured elects to make a settlement with one of the other parties (who may be legally liable), without the written consent of Southern Farm, then this coverage does not apply.

Article 5.06–1 of the Insurance Code, V. A.T.S., clearly provides in effect that no automobile liability insurance, including uninsured motorists insurance, shall be issued in this state unless coverage is provided "under provisions prescribed by the Board". In other words, as specifically applied to the case at bar, the State Board of Insurance, was and is vested with the authority to prescribe the provisions of uninsured motorist coverage that went in the Southern Farm policies held by the Grissoms. As stipulated by the parties herein, the form of these policies were submitted to and approved by the Board, prior to the issuance of these policies to the Grissoms.

 Appellants contend that insurance contracts are to be strictly construed in favor of the insured and against the insurer. This rule applies in cases where the policy uses terms of doubtful meaning or where the language of the contract is ambiguous. Courts cannot make new contracts between the parties, but must enforce the contracts as written. Where the terms of an insurance policy are plain, definite and unambiguous, the courts cannot vary these terms. Royal Indemnity Co. v. Marshall (Sup.Ct.1965) 388 S.W.2d 176; American-Amicable Life Insurance Co. v. Lawson (Sup.Ct.1967) 419 S.W.2d 823.

██ In the case at bar, we think the language of the contract is plain and must be enforced as made. Republic National Life Ins. Co. v. Spillars (Sup.Ct.1963) 368 S.W.2d 92.

Since the above-quoted provision was in each of the Southern Farm policies, and was approved by the State Board of Insurance prior to their issuance to the Grissoms, we believe it is enforceable as writ-

ten. Therefore we do not deem it necessary to speculate upon any reason or reasons why the insurer chose to put this provision in these policies. However, the Court of Appeal of Louisiana in LaBove v. American Employers Insurance Co., 189 So.2d 315, 25 A.L.R.3d 1269, at page 1273 of the last-named citation, does discuss various purposes for such a provision. *LaBove* was a fact situation analogous to ours, with a policy provision the same as in the case at bar, as hereinabove quoted, and the Louisiana Court enforced the exclusion.

■ Appellant contends that the recorded telephone conversation between Hon. W. C. Haley (attorney for Southern Farm) and Hon. Harry Friedman (attorney for the Grissoms) of April 1, 1971, and shown in the transcript, shows evidence that Southern Farm waived the above-quoted provision of its policies with the Grissoms. In this conversation Mr. Friedman states in effect that prior to his settlement with Westchester, that he (Friedman) talked to an adjuster for Southern Farm who told him "to see what Westchester would pay and then he and I would talk about what, if anything, was still owing on the uninsured motorist coverage from his Company." Mr. Friedman further stated "Now, we went through this on a couple of occasions, as I recall, and I told him that I certainly didn't want to waive any of the rights of these folks and he said, well, after you settle up with them, get back in touch with me, and we will see where we are." We do not construe this conversation as amounting to a waiver of the above-quoted provision of the Grissom policies.

We overrule Appellant's first point, and in the light of this disposition it becomes unnecessary to discuss Appellant's second and third points.

Judgment of the trial court is affirmed.

Affirmed.