Paul **SWIDERSKI** and Lisa Swiderski, Appellants,

v.

**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellee.**

No. 13–83–154–CV.

Court of Appeals of Texas, Corpus Christi.

April 26, 1984.

Rehearing Denied May 17, 1984.

O.F. Jones, III, Victoria, for appellants.

William F. Seerden, Victoria, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment granted in favor of appellee, Prudential Property and Casualty Insurance Company.

On April 8, 1981, appellants, Paul and Lisa Swiderski, were involved in an automobile accident in the state of Louisiana with an automobile driven by John A. Johnson. Both appellants sustained severe personal injuries as a result of the accident. Appellants alleged that, at the time and on the occasion in question, Johnson was covered by an automobile liability insurance policy affording only the minimum liability insurance benefits of five thousand dollars ($5,000.00) per person as required by Louisiana laws. Appellee issued its policy of insurance to appellant, Paul E. Swiderski, which was in full force and effect at the time of the accident. Appellee's policy provided "under-insured motorists" benefits, and the limits of liability for "under-insured motorists" benefits available to appellants under the terms of the policy was in the sum of one hundred thousand dollars ($100,000.00) per person, per accident.

Appellants, who were originally represented by attorney Robert L. Wells, entered into negotiations with Dairyland Insurance Company, the insurer of the Louisiana car, and likewise with appellee insurance company concerning the underinsured portion of his insurance policy.[1] Attorney Wells entered into a settlement and release of appellants' claims against the Louisiana insured and his company, Dairyland. As a result of this settlement and release, appellants Paul and Lisa Swiderski received $3,250.00 and $5,000.00 respectively. Attorney Wells then presented appellants' claim to appellee insurance company, stating that the third-party driver, namely Johnson, qualified as an "under-insured motorist" and that appellee was liable for the amount of damages stated under the terms and conditions of their policy. Appellee denied the claim. Appellants then filed this suit.

Appellee insurance company filed a Motion for Summary Judgment, asserting as an affirmative defense that appellants had failed to comply with the terms of the policy requiring consent of appellee insurance company prior to entering into a settlement and release with a party who may be legally liable to appellee. Appellants answered and asserted affirmatively that appellee had either waived or was estopped to assert the defense of "prior settlement" by their writings to them, but, in any event, issues of fact existed with regard to such matters which would preclude the Motion for Summary Judgment being granted. However, the trial court found that there was no genuine issue of any material fact and that appellee was entitled to judgment as a matter of law. We reverse.

We will first address appellants' claim that the trial court erred in granting appellee's Motion for Summary Judgment because appellee insurance company did not show as a matter of law that the settlement and release entered into by appellants was done without the consent of the insurance company.

 It is well settled that the movant in a summary judgment proceeding has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Town North National Bank v. Broaddus*, 569 S.W.2d 489 (Tex.1978); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970); *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605 (Tex.Civ.App.—Corpus Christi 1980, no writ). All doubts concerning the existence of a material fact question are to be resolved against the party moving for summary judgment, and all of the evidence must be viewed in a light most favorable to the non-movant. *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975); *Rose v. Enterprise Co.*, 617 S.W.2d 737 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.).

---

1. While the record is not clear, it appears that the insured Louisiana automobile driven by Johnson was owned by Sanders at the time of the accident.

A defendant such as we have here, who moves for summary judgment, assumes the burden of showing, as a matter of law, that the plaintiff has no cause of action against him; i.e., that no material issue of fact exists as to the plaintiff's cause of action. *Griffin v. Rowden*, 654 S.W.2d 435 (Tex.1983); *Citizens First National Bank of Tyler v. Cinco Exploration Co.*, 540 S.W.2d 292 (Tex.1976); *Williams v. Chaney*, 620 S.W.2d 809 (Tex.Civ. App.—El Paso 1981, writ ref'd n.r.e.). When a defendant moves for a summary judgment on the basis of an affirmative defense (as in the case before us), he has the burden to prove conclusively all of the elements of such affirmative defense. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex. 1972); *see also City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

Appellee's summary judgment proof consisted of the pleadings; the oral deposition taken in this cause; admissions; and the affidavits of two of appellee's employees, which, according to appellee, show as a matter of law that no consent, either oral or written, was given by appellee for appellants to settle their claim against Dairyland Insurance Company and its insured, Richard Sanders.

Appellee's summary judgment proof directed the trial court's attention to an exclusionary clause in an earlier policy dated January 15, 1981, relating to Part IV (the uninsured motorists provisions), which reads as follows:

"Exclusions. This policy does not apply under Part IV:

(a) ...

(b) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this Coverage shall, *without written consent of the company* (emphasis added), make any settlement with any person or organization who may be legally liable therefor;"

Appellee's summary judgment proof also included the exclusionary clause in the replacement policy relating to Part C (the uninsured/underinsured motorists coverage), which reads as follows:

"A. We do not provide Uninsured/Underinsured Motorists Coverage for any person:

1. ...

2. *If that person or the legal representative settles the claim without our consent.*" (Emphasis added.)

Included as part of the summary judgment evidence was the affidavit of one of appellee's employees, Sam Jackson. Jackson testified as an interested witness, by affidavit, that he was employed by appellee as a casualty consultant and that he had worked for the company the past two and one-half years. Jackson stated that he took over the handling of appellants' claim from adjuster Gonzales on or about September 16, 1981. Jackson testified that one of his first actions in the matter was to send a letter to the attorney for appellants to advise him that he had assumed appellants' file. Jackson admitted that, although he was aware that appellants were considering settling their claims against Dairyland and he was in contact with their attorney, at no time did he give his oral or written consent, or the company's consent, for appellants to settle.

Appellants, on the other hand, contended by way of their Response to appellee's Motion for Summary Judgment that the motion should be denied because there are numerous material questions of fact to be resolved. Appellants contended that the attached letters from appellee's representatives, Gonzales and Jackson, to appellants' former counsel, Wells, established consent on the part of appellee or, alternatively, raised a fact issue on consent. Appellants contend that the affidavits of Gonzales and Jackson amount to mere conclusions on the part of interested witnesses as to whether or not they had created a legally binding "consent" and, therefore, appellee did not establish, as a matter of law, that no consent to settle was given to appellants.

Initially, we note that a summary judgment may be based on the uncontro-

verted testimonial evidence of an interested witness if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. Tex. R.Civ.P. 166–A(c); *A & S Electrical Contractors, Inc. v. Fischer,* 622 S.W.2d 601 (Tex.App.—Tyler 1981, no writ). However, appellee, as the movant, must conclusively establish all of the essential elements of its affirmative defense. *Swilley v. Hughes,* 488 S.W.2d at 67; see also *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979).

In the present case, the summary judgment proof established conclusively: (a) there existed a valid contract of insurance between the parties; (b) the contract provided that underinsured coverage would be excluded where the insured or insured's legal representative settled the claim without the consent of appellee; (c) appellants entered into a settlement and release with a party who may have been legally liable to appellee; and (d) appellants received the consideration stated in their settlements. Assuming, without determining, that appellee established its defense as a matter of law, the case must be reversed and remanded for trial on the merits because the evidence is not conclusive. It raises an issue of fact on appellee's waiver of the consent provision.

In point of error numbers two and three, respectively, appellants contend that the trial court erred in granting appellee's Motion for Summary Judgment because appellee waived its right to insist upon compliance with the policy provisions requiring appellants to obtain appellee's consent to settle, or was equitably estopped to assert as a defense appellants' alleged failure to obtain consent to settle.

■ Waiver and estoppel are defensive pleas in the nature of confession and avoidance. *Missouri Pacific Railroad Company v. American Statesman,* 552 S.W.2d 99 (Tex.1977); *Nichols v. Smith,* 507 S.W.2d 518 (Tex.1974); Tex.R.Civ.P. 94. These pleas are being used in this case by appellants in an effort to avoid appellee's

affirmative defense of prior settlement without consent. Assuming the summary judgment evidence established the movant's affirmative defense as a matter of law, appellee did not have the burden to negative appellants' plea of waiver and/or estoppel; rather, the burden was on appellants, the non-movants, if they wished to avoid the granting of summary judgment against them, to adduce evidence sufficient to raise at least an issue of fact with respect to the elements of waiver or estoppel. *Zale Corporation v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975); *Nichols v. Smith,* 507 S.W.2d at 520; *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934 (Tex.1972).

■ Affidavits consisting only of conclusions are insufficient to raise an issue of fact. *Brownlee v. Brownlee,* 665 S.W.2d 111 (Tex.1984); *Life Insurance Company of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378 (Tex.1978). Appellants affirmatively asserted, by way of response to appellee's Motion for Summary Judgment, that appellee had either waived or was estopped to assert the defense of prior settlement and that questions of fact existed as to such matters, which precluded the motion being granted.

■ It is well established that, whereas the doctrines of waiver and estoppel may operate to avoid conditions that would cause a forfeiture of an insurance policy, they will not operate to change, re-write or enlarge the risks covered by the policy. *Minnesota Mutual Life Insurance Company v. Morse,* 487 S.W.2d 317 (Tex. 1972); *Farmers Texas County Mutual Insurance Company v. Wilkinson,* 601 S.W.2d 520 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.); *Brownsville Fabrics, Inc. v. Gulf Insurance Company,* 550 S.W.2d at 340. Waiver has been frequently defined as the voluntary, intentional relinquishment of a known, existing right or intentional conduct inconsistent with claiming it. *Massachusetts Bonding and Insurance Company v. Orkin Exterminating Company,* 416 S.W.2d 396 (Tex.1967); *Maryland Casualty Company v. Pales-*

*tine Fashions, Inc.,* 402 S.W.2d 883 (Tex. 1966); *Brownsville Fabrics, Inc. v. Gulf Insurance Company,* 550 S.W.2d 332 (Tex. Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Waiver of a right results as a legal consequence from the unilateral act of the party against whom it operates, and no act of the party in whose favor it operates is necessary to complete it. *Equitable Life Assurance Society v. Ellis,* 105 Tex. 526, 147 S.W. 1152 (1912). Estoppel, on the other hand, arises "where by fault of one, another has been induced to change his position for the worse." *Wirtz v. Sovereign Camp, W.O.W.,* 114 Tex. 471, 268 S.W. 438 (1925); *International Insurance Company v. Jataine,* 495 S.W.2d 309 (Tex. Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.). In *Gulbenkian v. Penn,* 252 S.W.2d 929 (Tex.1952), the Texas Supreme Court set out the elements necessary to establish an equitable estoppel.[2]

Appellants' response to the motion for summary judgment affirmatively negated appellee's defense of "prior settlement" by alleging that appellee, acting through its agent (or employee), in notifying appellants' attorney to proceed to settle the third-party claim with the third party's insurer, waived its right to object to the settlement. Summarizing appellants' contentions on appeal is their argument that a question of fact exists as to whether or not waiver (and/or estoppel) occurred, sufficient to defeat appellee's asserted defense of "prior settlement." We agree.

Appellants' summary judgment evidence included the affidavit of Rex. L. Easley, Jr., a practicing attorney in Victoria County, Texas. Easley testified that he became associated with the law practice of Mr. Wells in September 1981. He took over handling Wells' files, including appellants' case, when attorney Wells became ill. He further testified that it was his interpretation from the letter of Jackson of September 16, 1981, that appellee had no objection to the proposed settlement of appellants' third-party claim, and it was agreeable to appellees and their attorney to proceed in that fashion, with their underinsured motorist claim to be resolved after the medical situation of Lisa Swiderski had developed. Easley testified that, pursuant to this understanding, which was also based upon numerous conversations with Jackson, he proceeded to conclude the third-party claim against the Louisiana insurance company. Attorney Easley concluded that at no time did appellee ever advise him that it wished to preserve a subrogation interest against the third party. If appellee had, he would only have proceeded against appellee, leaving appellee to recover from the third party and its carrier.

Appellants' summary judgment evidence also included the affidavit of attorney O.F. Jones, III. Jones testified that he is a practicing attorney in Victoria County, Texas. In 1982, he began to assist in handling the present lawsuit filed by attorney Easley. Attached as exhibits to the affidavit were copies of all of the correspondence contained in the file when delivered to Jones.

Appellants contend that the attached letters support their position that appellee was put on notice, through its employees, Gonzales and Jackson, that appellants' first attorney was discussing and attempting a settlement with Dairyland Insurance Company, and, at no point, did appellee ever demand or seek compliance with a particular policy provision or warn or direct appellants not to settle without prior consent of appellee.

■■■ Appellants contend that, at the very least, a fact issue of waiver was established in a letter from Jackson to appellants' attorney, dated September 16, 1981. There Jackson stated: *"[P]lease provide with proper documentation when you settle with Dairyland Ins. Co. so that I can*

2. There must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice.

*give consideration to the UIM (under-insured motorist coverage) possibility."* We agree. This written letter, standing alone, would raise a fact issue of waiver. We hold that this and all of the other summary judgment evidence was sufficient to raise a fact issue of the material elements of waiver.

Appellee relies heavily on the holding of *Grissom v. Southern Farm Bureau Casualty Insurance Company,* 476 S.W.2d 448 (Tex.Civ.App.—Waco 1972, writ ref'd n.r.e.), in which the Court considered language similar to that contained in the letters of appellee's agents on the issue of waiver of the written consent provision under the uninsured motorist coverage.[3] The Court, in *Grissom,* did not construe the conversation in question as amounting to a waiver of the quoted policy provision. 476 S.W.2d at 451. Appellee contends on appeal that it is clear that the underlying rationale for the Court's finding in *Grissom* was that the language did not amount to consent as a matter of law and, therefore, as in the case before us, there was no inconsistency between the overt words of the insurance company and the insistence of the consent requirement. We disagree. In *Grissom,* unlike the present case, there was a trial on the merits before the Court upon written stipulated facts agreed to by both sides. 476 S.W.2d at 450. On appeal, the appellate court was required to presume that the trial court had found all factual disputes in favor of the judgment.

Here, on the other hand, the summary judgment evidence shows that the conduct of the appellee insurance company was inconsistent in several respects with an intention to deny appellants' underinsured motorists claim on the ground of prior settlement without consent. A genuine issue of fact of the defensive plea of waiver is thereby raised. This is a fact issue that must be presented to the fact finder as the law so provides. With respect to a question of estoppel, appellee's summary judgment proof negated at least two elements of appellants' estoppel theory; i.e., (1) there was no false representation or concealment of material existing facts, and (2) appellants had the knowledge or means to acquire knowledge of the real facts.

Reading the summary judgment proof of both parties in light of the standards previously set out, we hold that there is a fact issue that must be decided by the trier of fact as to whether appellee waived compliance with the consent clause such that appellants may avoid forfeiture of their underinsured motorists coverage. Appellants' second point of error is sustained.

It is not necessary for us to rule on appellants' other points of error due to the action we have taken herein.

The judgment of the trial court is reversed and the cause remanded for a trial on the merits.

---

3. Here, the plaintiffs' attorney stated that he talked with an adjuster for the insurer and was told by the adjuster "to see what Westchester would pay and then he and I would talk about what, if anything, was still owing on the uninsured motorist coverage from his Company." The plaintiffs' attorney further stated "[N]ow, we went through this on a couple of occasions as I recall, and I told him that I certainly didn't want to waive any of the rights of these folks and he said, 'Well, after you settle up with them, get back in touch with me, and we will see where we are.'"