**Mary K. CARTER, Appellant,**

v.

**SERVICE LIFE & CASUALTY INSURANCE COMPANY,**
**Appellee.**

**No. 13–85–303–CV.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 31, 1985.

James M. Heidelberg, San Antonio, for appellant.

Jerome E. Sneed, Austin, for appellee.

Before SEERDEN, UTTER and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

Appellant contests a summary judgment granted appellee in her suit against appellee and Cavender Oldsmobile, in which she alleged violations of the DTPA, TEX.BUS. & COM.CODE ANN. § 17.46 (Vernon 1968) and the Texas Insurance Code, TEX.INS. CODE ANN. (Vernon 1981). Appellant claims that an agent of appellee induced her late husband, Frank Carter, to buy credit life insurance, and then refused to pay after his death. We reverse, and remand the cause for trial.

The summary judgment proof consists of the original pleadings and an affidavit of the Assistant Secretary and Claims Manager of appellee, Jeannene Honeycutt, with the insurance contract and death certification appended.

Appellant's pleadings state that Terry Allen, a salesman at Cavender Oldsmobile, was also a recording agent for appellee, and that when Frank Carter bought a car, Allen induced him to finance the car so he could also buy life insurance. Appellant further alleges that Terry Allen asked only if Frank Carter was in good health. Appellant's petition states that "he was a very active, robust individual who routinely participated in sports and had not seen a doctor in some time; therefore, he answered affirmatively." The insurance contract did not contain a battery of questions concerning the applicant's health and lifestyle, but a printed statement which included, "I represent that I am now in good health and that I am free of any mental or physical impairment or of any chronic disease." It is undisputed that Frank Carter was a diabetic taking insulin injections at the time he bought the insurance. Appellee pled the affirmative defense of material misrepre-

sentation on the part of Frank Carter. Affiant Honeycutt swears that appellee had no knowledge of Frank Carter's diabetes and "would never have accepted the aforesaid certificate insuring Frank R. Carter if it had known."

■ The purpose of the summary judgment rule is to provide a means of summarily terminating a case when it appears that only a question of law is involved and no genuine issue of fact exists. *McNabb v. Kentucky Central Life Insurance Company*, 631 S.W.2d 253, 254 (Tex.App.—Fort Worth 1982, no writ). A defendant moving for summary judgment assumes the burden of showing as a matter of law that the plaintiff has no cause of action against him. *Citizens First National Bank of Tyler v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex.1976); *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex. 1970); *Swiderski v. Prudential Property and Casualty Insurance Company*, 672 S.W.2d 264, 266 (Tex.App.—Corpus Christi 1984, no writ); *Castillo v. Sears, Roebuck & Co.*, 663 S.W.2d 60, 64 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). All doubts regarding the existence of a genuine issue of material fact are to be resolved against the movant, and all conflicts in the evidence which tend to support the position of the party opposing the motion are accepted as true. *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 593 (Tex. 1975); *Farley v. Prudential Insurance Company*, 480 S.W.2d 176, 178 (Tex.1972); *Swiderski* at 266. Defendant movant is required to meet the plaintiff's case as pled and to demonstrate that the plaintiff cannot prevail. *Cook v. Brundidge, Fountain, Elliott, & Churchill*, 533 S.W.2d 751, 759 (Tex.1976); *Smith v. Muckleroy Enterprises*, 537 S.W.2d 104, 105 (Tex.Civ. App.—Tyler 1976, no writ); *Parmlee v. Texas & N.O.R.R. Co.*, 381 S.W.2d 90, 91 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r. e.); *Swiderski* at 267. Whether the plaintiff is likely to prevail is irrelevant. *Le Blanc v. Maryland General Insurance Co.*, 601 S.W.2d 750, 752 (Tex.Civ.App.— Beaumont 1980, writ ref'd n.r.e.).

By three points of error, appellant claims that summary judgment was improper because the pleadings and evidence did not dispose of all genuine issues of material fact. Appellant's primary issues are whether appellee has proven as a matter of law 1) that Terry Allen was a soliciting agent and not a recording agent, 2) that Frank Carter intended to deceive appellee, 3) that Frank Carter made a material misrepresentation, and 4) that appellant has no DTPA claim against appellee.

Insurance policies are strictly construed in favor of the insured to avoid exclusion of coverage. *Puckett v. U.S. Fire Insurance Co.*, 678 S.W.2d 936, 938 (Tex.1984). Appellant states that appellee failed to rebut appellant's allegations that Frank Carter was in good health. In *Texas Prudential Insurance Company v. Dillard*, 307 S.W.2d 242 (Tex.1957), the Texas Supreme Court discussed evidence concerning good health and disease in a suit on a life insurance policy. In that case, the insured was afflicted with epilepsy "in its worst form" at the time relevant to the suit, and the court stated that, as a matter of law, he was not then in "good health." After extensive review of the evidence, the Court summarized other decisions which it found consistent with its decision. The Court mentioned the possibility of a situation "in which there were a question as to whether the illness which ultimately proved fatal was yet ... in such a stage as not to be classed as serious." *Id.* at 247. The Court summarized a case in which the insured had diabetes prior to becoming insured and died of diabetes, but concluded that at the point in time relevant to the case, the insured might have been in good health "by reason of the availability of medicine." *Id.* at 247. Other cases discussed had fact issues on whether cancer, tuberculosis, or strictures were diseases, and if such, whether they existed in serious form at a particular time. *Id.* at 247–249.

■ The record before us contains no evidence that Frank Carter's diabetes was, at the time he signed the representation, a "chronic disease." It would be presumptu-

**352**

ous to take judicial notice of degrees of illness, disease, or impairment, probable effects of treatment, or likelihood of recovery.

Appellant further points out under its first point that, in order to prove its affirmative defense of material misrepresentation, appellee must show that Frank Carter had an intent to deceive. *Mayes v. Massachusetts Mutual Life Insurance Company,* 608 S.W.2d 612, 616 (Tex.1980); *Southern Farm Bureau Life Insurance Co. v. Reed,* 563 S.W.2d 634, 636 (Tex.Civ. App.—Eastland 1978, writ ref'd n.r.e.). To avoid a policy of insurance because of misrepresentations, the burden is on the insurer to plead and prove not only that the answers made by the insured were false or untrue, but that the insured knew or should have known that they were untrue, and that he made them willfully and with the intention of inducing the insurer to issue him a policy. *Clark v. National Life & Accident Ins. Co.,* 145 Tex. 575, 200 S.W.2d 820, 823 (Tex.1947). This Court must view the evidence in the light most favorable to the party opposing the motion for summary judgment. *McNabb* at 254. The movant must prove all essential elements of his cause of action or defense as a matter of law. *Griffin v. Rowden,* 654 S.W.2d 435, 436 (Tex.1983). Appellant has pled that Frank Carter was led to believe he was insurable under the policy. If he in fact believed he was insurable, then he did not have the requisite intent to deceive appellee in order to induce it to issue coverage. Certainly the record as the Court must view it does not preclude this possibility.

Furthermore, as appellant points out under point two, TEX.INS.CODE ANN. art. 21.16 (Vernon 1981) states:

Any provision in any contract or policy of insurance issued or contracted for in this State which provides that the answers or statements made in the application for such contract or in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect, and shall not constitute

any defense to any suit brought upon such contract, unless it be shown upon the trial thereof that the matter or thing misrepresented was material to the risk or actually contributed to the contingency or event on which said policy became due and payable, and whether it was material and so contributed in any case shall be a question of fact to be determined by the court or jury trying such case.

Thus, the statute provides that the materiality of any false representation is a question of fact. *Occidental Life Insurance Company of California v. King,* 365 S.W.2d 815, 817 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.); *see also Cartusciello v. Applied Life Insurance Company of Texas,* 661 S.W.2d 285, 288 (Tex.App.— Houston [1st Dist.] 1983, no writ). We find that appellee did not meet its burden. Thus, we sustain appellant's first and second points, REVERSE the judgment and REMAND the cause for trial.