PIONEER OIL COMPANY, Appellant,

v.

Edward VALLEJO, III, d/b/a Super V
Minit Mart, Appellee.

No. 13–87–016–CV.

Court of Appeals of Texas,
Corpus Christi.

May 26, 1988.

Allen L. Hendelman, Morris & Hendel-
man, Fort Worth, for appellant.

Randy M. Clapp, Duckett, Bouligny &
Collins, El Campo, for appellee.

Before UTTER, KENNEDY, and
DORSEY, JJ.

## OPINION

UTTER, Justice.

The trial court granted Vallejo's Petition
for Declaratory Judgment and held that
the parties' "Lease and Operating Agree-
ment," was a contract for the marketing of
gasoline and did not constitute a leasehold

estate in the premises. In our original opinion, we held that the agreement was a lease; therefore Pioneer was granted an exclusive right to vend gasoline on the premises. *See Pioneer Oil Co. v. Vallejo,* 736 S.W.2d 227 (Tex.App.—Corpus Christi 1987). The Texas Supreme Court in *Vallejo v. Pioneer Oil Co.,* 744 S.W.2d 12 (Tex. 1988), reversed our decision and held that since the agreement did not contain a granting clause conferring upon Pioneer a right to possess the premises, the agreement was not a lease.

The issues remaining on remand are whether the trial court erred in finding that Vallejo and Conners had not waived the right to complain of the agreement and in finding that Vallejo and Connors are not estopped from changing the agreement that they have operated under since 1971.

■ We must first determine whether Pioneer has waived its right to complain on appeal. Vallejo asserts that Pioneer failed to plead waiver and estoppel and the facts essential to its existence in accordance with Tex.R.Civ.P. 94. Pioneer's original answer alleged that Vallejo was "estopped by laches from raising such claim at this date after operating under the terms of the agreement", and that Vallejo "waived any right to object to the lease agreement, since he and his predecessors have operated under the same agreement for in excess of fifteen (15) years." Vallejo leveled no special exceptions to defects in Pioneer's answer as required by Tex.R.Civ.P. 90, 91. Pioneer's argument has been preserved for review on appeal. *Cf. Manufactured Housing Management Corporation v. Tubb,* 643 S.W.2d 483, 487 (Tex.App.—Waco 1982, writ ref'd n.r.e.); *Henniegan v. Harris County,* 593 S.W.2d 380, 383 (Tex. Civ.App.—Waco 1979, writ ref'd n.r.e.).

■ Waiver and estoppel are separate and distinct doctrines. Waiver has been frequently defined as the voluntary, intentional relinquishment of a known, existing right or intentional conduct inconsistent with intent to claim that right. *PGP Gas Products, Inc. v. Reserve Equipment, Inc.,* 667 S.W.2d 604, 609 (Tex.App.—Austin 1984, writ ref'd n.r.e.); *Alford, Meroney &*

*Co. v. Rowe,* 619 S.W.2d 210, 213–14 (Tex. Civ.App.—Amarillo 1981, writ ref'd n.r.e.). Waiver of a right results as a legal consequence from the unilateral act of the party against whom it operates, and no act of the party in whose favor it operates is necessary to complete it. *See Giddings v. Giddings,* 701 S.W.2d 284, 289 (Tex.App.—Austin 1985, writ ref'd n.r.e.); *Swiderski v. Prudential Property & Casualty Insurance Co.,* 672 S.W.2d 264, 269 (Tex.App.—Corpus Christi 1984, writ dism'd).

Estoppel, on the other hand, arises "where by fault of one, another has been induced to change his position for the worse." *See Wirtz v. Sovereign Camp, W.O.W.,* 114 Tex. 471, 268 S.W. 438, 441 (1925); *Koelzer v. Pizzirani,* 718 S.W.2d 420, 423 (Tex.App.—Fort Worth 1986, no writ). To constitute an equitable estoppel there must exist: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of the facts; (3) to a party without knowledge, or the means of acquiring knowledge of the real facts; (4) made with the intention that it should be acted on; and (5) the party to whom it was made must have relied on or acted on it to his prejudice. *See Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 932 (1952); *Swiderski,* 672 S.W.2d at 269, n. 2.

In considering whether the trial court's judgment was against the great weight and preponderance of the evidence, we will follow the well-established test set forth in *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986); *Dyson v. Olin Corp.,* 692 S.W. 2d 456 (Tex.1985); and Calvert, *No Evidence and Insufficient Evidence Points of Error,* 387 Tex.L.Rev. 361 (1960).

It is undisputed that this agreement has been in effect since 1971 and that Vallejo and apparently all of the previous owners of the convenience store have operated under and accepted rent under the agreement. In fact, Vallejo admits in his pleadings that he is bound by the terms of the agreement. Vallejo is merely seeking a declaration of the rights and obligations of the parties in order to determine whether he may install his own additional pumps on

the property without violating the terms of the agreement. Vallejo has not sought to "change" the contract in any way and no breach has been alleged.

Pioneer operates two gasoline pumps on the property in accordance with the agreement and has invested more than $30,000 in that undertaking. There is no evidence of any other gasoline pumps on the premises. The record further reflects that Pioneer believed they could place those pumps anywhere on the property. On one occasion, Pioneer, upon request from one of the previous convenience store owners, released a portion of the premises from the agreement. Pioneer also believed that they would be the exclusive vendors of gasoline on the premises and that permitting another party to come on the property to sell gasoline would destroy Pioneer's investment. However, no provision in the agreement expressly grants Pioneer such an exclusive right. In fact, the agreement is silent on the issue of exclusivity to sell gasoline on the premises.

 In regard to waiver, there is no evidence that Vallejo or any of the previous owners intended to grant Pioneer the exclusive right to sell gasoline on the premises. In fact, the absence of such an exclusive vending provision in the agreement would indicate the contrary. Moreover, the record is devoid of any showing that Vallejo and his predecessors or Pioneer have previously attempted to place additional pumps on the premises. Although Pioneer did release a portion of the property at some time since the agreement's inception, this simply shows that the parties were bound to the agreement. Moreover, it supports Pioneer's proposition that they had the right to place the two gasoline pumps anywhere on the premises; and thus, their consent was needed to release a portion of the premises. It does not show that Pioneer has an exclusive right to sell gasoline on the premises. The evidence is insufficient to show that Connors or any of Vallejo's predecessors under the lease intentionally or knowingly waived any right existing under the contract or acted in any manner inconsistent with such right. Waiver re-

quires some act, or at the very least, some manner of acquiescence by either words or silence. We refuse to imply such an exclusive right to sell gasoline in a written agreement merely because the parties have operated under the agreement for a long period of time.

Insofar as estoppel is concerned, there is no evidence that Vallejo or any of the previous owners made any false representation or concealed any material facts that Pioneer has relied on to its detriment. Both parties were aware of the agreement's existence and the provisions therein. Moreover, "estoppel by silence" only arises where a person is under a duty to speak, but refrains from doing so and thereby leads another to act in reliance on a mistaken understanding of the facts. *See Williams v. Stansbury,* 649 S.W.2d 293, 296 (Tex.1983); *Storms v. Tuck,* 579 S.W. 2d 447, 452 (Tex.1979). The evidence is not sufficient to show such conduct by Vallejo or his predecessors. The mere passage of time is not sufficient to support an estoppel. Pioneer's remaining points of error are overruled.

The judgment of the trial court is AFFIRMED.