**GENERAL ELECTRIC SUPPLY CO.,**
Plaintiff–Appellee,

v.

**UTLEY–JAMES OF TEXAS, INC. and Aetna Casualty and Surety Company,**
Defendants–Appellants.

No. 87–1877.

United States Court of Appeals,
Fifth Circuit.

Oct. 17, 1988.

O. Luke Davis, III, Baker, Mills & Glast, Dallas, Tex., for defendants-appellants.

Jerry L. Carlton, Matthews, Carlton & Stein, Dallas, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, GARZA and POLITZ, Circuit Judges.

GARZA, Circuit Judge:

Under review here is a decision by the United States District Court for the Northern District of Texas that General Electric Supply Company (GESCO) gave timely notice to defendant Utley–James of Texas, Inc. (Utley) under the McGregor Act (TEX. REV.CIV.STAT.ANN. art. 5160 (Vernon 1971 and Supp.1987)) for claims that GESCO made against Utley. Also under review is the district court's conclusion that GESCO neither waived its right to recovery nor was estopped from collecting its claim from Utley and Utley's surety, Aetna Casualty & Surety Company. The district court allowed GESCO to recover from Utley and Aetna $167,870.25 together with reasonable attorney's fees. Utley and Aetna appeal from this judgment. For the reasons stated below, we AFFIRM.

## Background

Utley was the prime contractor for a project to build the Bell County Jail and Law Enforcement Center in Belton, Texas. Collier Electric Company was one of Utley's sub-contractors on the project. GESCO supplied the materials to Collier for use in construction of the jail. Collier failed to pay GESCO a total of $167,971.12 for these materials.

The McGregor Act requires prime contractors that enter into certain contracts with state, county or municipal agencies in the state of Texas to execute a "performance bond" and a "payment bond." The latter protects all claimants supplying labor and material for use in the performance of the contract. The Act gives claimants such as GESCO the right to sue a prime contractor and its surety on the payment bond when such claimant has not been paid in full for labor or material furnished for use in performing the prime contractor's contract with the state. The Act requires claimants to give "written notice by certi-

fied or registered mail addressed to the prime contractor ... within thirty-six (36) days after the tenth day of the month next following the commencement of the delivery of materials" for which the claimant has not received payment. TEX.REV.CIV. STAT.ANN. art. 5160(B)(b)(1) (Vernon 1971 and Supp.1987).

On July 16, 1985, GESCO deposited a certified letter at the Garland Texas United States Post Office addressed to Utley, in which it claimed that it was owed $75,945 for materials delivered to Collier. The letter itself bore the date, "July 15, 1985." July 16 was the last day of the statutory period for GESCO to meet the notice requirements for its claim under the McGregor Act art. 5160(B)(b)(1). An employee at GESCO mistakenly affixed a private postage meter strip dated July 17, 1985 upon this certified letter. Utley decided to disregard this notice based upon the date reflected on the private postage meter strip. Appellants Utley and Aetna, defendants below, present three issues on appeal: (1) whether GESCO's claim against Utley was timely given under the McGregor Act; (2) whether GESCO was estopped from seeking recovery from Utley; and (3) whether GESCO waived its right to collect its claim from Utley. We address each issue in turn.

## I.

■ Appellant Utley argues that GESCO was not entitled to judgment for the $79,-945 covered in GESCO's July letter because notice of that claim was not timely given under the McGregor Act. Utley suggests that a prime contractor must rely on evidence reasonably available to him to analyze the timeliness of a claim. This evidence, appellant urges, is the postmark on the envelope sent by the supplier to the prime contractor, whether made by the post office or by the supplier's private postage meter.

In response, GESCO argues that private meter postmark dates provide unreliable evidence of the actual date of mailing because the owner of the postage meter may intentionally or negligently affix the wrong postmark date to the envelope or deposit the envelope after the last postal service pickup of the day. Thus, according to appellee, a rule that establishes the postmark date as conclusive evidence of the date of mailing would allow McGregor Act claimants to back-date notices in order to validate otherwise untimely claims.

The McGregor Act is a Texas statute and we are bound, in this diversity action, to apply Texas law in passing judgment upon its construction. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Article 5160(B)(b)(1) provides that a claimant "shall have given written notice by certified or registered mail ... within thirty-six (36) days after the tenth day" of the month following the beginning of the delivery of materials for which the claimant has not received payment. TEX.REV.CIV.STAT.ANN. art. 5160(B)(b)(1) (Vernon 1971 and Supp.1987). The Texas courts have yet to establish a rule that would determine the first issue presented in this case under the McGregor Act. In another context, however, the Texas Court of Civil Appeals has held that the date of postmark is not conclusive evidence of the date of mailing. *Hausmann v. Texas Savings & Loan Association,* 585 S.W. 2d 796, 801 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.). Also under other circumstances, a claimant may prove that a letter was actually mailed through use of circumstantial evidence. *Jimmy Swaggert Ministries v. City of Arlington,* 718 S.W.2d 83, 86 (Tex.App.—Fort Worth, 1986, writ ref'd n.r.e.). GESCO argues that the same should be true of proof of the mailing date. We agree.

GESCO presented substantial evidence that the July notice letter was placed in the custody of the U.S. Postal Service on July 16, 1985. Indeed, appellant does not dispute the actual date of mailing; it simply argues that conclusive evidence of the date of mailing should obtain from the postmark, for purposes of the McGregor Act, because prime contractors must make on-the-spot decisions based upon evidence available to them at the time that they receive notice letters. We conclude that

adoption of such a rule would inspire more mischief than any countervailing considerations of prime contractor reliance could possibly outweigh.

Under the terms of the McGregor Act, notice is given when mailed. The rule set out by the district court makes better sense than that urged by Utley. The date affixed to an envelope by a private postage meter is clearly susceptible to manipulation by the owner of the meter. A rule that leaves the determination of the mailing date in the hands of presumably disinterested United States Postal Service employees eliminates the risk of intentional backdating of McGregor Act claims. It does not, of course, eliminate the risk of mistake; such are the hazards of doing business through the mails. The existence of this slight risk of mistake, however, is far less obnoxious than the invitation to intentional misrepresentation that would result from the rule urged by Utley–James.

## II.

Utley presents on appeal an estoppel defense to the GESCO claims. Alternatively, Utley argues that GESCO waived its right to recover by placing a July 17 postmark upon a notice the deadline for which was July 16.[1]

The elements of estoppel are well-settled under Texas law. They require proof of the following:

(1) a false representation or concealment of material fact;

(2) made with knowledge, actual or constructive, of the facts;

(3) to a party without knowledge, or the means of acquiring knowledge of the real facts;

(4) made with the intention that it should be acted on;

(5) the party to whom it was made must have relied on or acted on it to his prejudice.

*Pioneer Oil Co. v. Vallejo*, 750 S.W.2d 928, 929 (Tex.App.—Corpus Christi 1988). *See also Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 932 (1952); *Gibraltar Savings Assoc. v. Watson*, 683 S.W.2d 748, 751 (Tex.App.–14 Dist. 1984, writ ref'd n.r.e.). Utley's defense falters upon consideration of the third element of estoppel.

■ A party is not entitled to the benefits of the estoppel defense unless he shows that he was "destitute of any convenient or available means of acquiring knowledge of the truth." *Pacific Finance Corp. v. Gilkerson*, 217 S.W.2d 440, 444 (Tex.Civ.App.—Beaumont 1949, writ ref'd n.r.e.). If the exercise of reasonable deligence would have informed a party of the true state of affairs, he may not rely upon estoppel. *Deahl v. Thomas*, 224 S.W.2d 293, 295 (Tex.Civ.App.—Amarillo 1949 writ ref'd n.r.e.).

Utley received from GESCO a notice letter dated July 15, 1985. The envelope in which the notice was mailed displayed a July 17 postmark. The deadline for such notices was July 16, 1985. The Utley employee responsible for reviewing purported McGregor Act notices had at his disposal a convenient means, in light of the extant conflicting information, for determining when the notice was actually mailed. He had, simply, to pick up the telephone and call either GESCO or the post office. GES-

1. Appellant Utley views the district court's determination as one which completely bars prime contractors and sureties from asserting waiver and estoppel defenses to a supplier's McGregor Act claims. We read the district court's opinion rather more narrowly. The court merely determined that Utley failed to prove the elements of waiver or estoppel by a preponderance of the evidence. In its Amended and Supplemental Findings of Fact and Conclusions of Law, the trial court found:

15. [Amended] (A) Utley did not prove by a preponderance of the evidence that GESCO, by placing the date July 17, 1985 on the pri-

vate postage meter strip, thereby intended to relinquish a known right to recover from Utley and Aetna pursuant to the McGregor Act, or engaged in intentional misconduct inconsistent with claiming a known existing right.
    \*    \*    \*    \*    \*    \*

16. [Amended] (A) Utley did not prove by a preponderance of the evidence, with respect to the July 16, 1985 notice: (a) that GESCO knew the truth of the error on the private postage meter strip; (b) that Utley reasonably relied upon the private postage meter strip; and (c) that it would be unfair to allow GESCO to recover on its McGregor Act claim.

CO introduced into evidence the white sender's receipt that the post office returns to all users of the certified mails. The receipt bore a date of July 16, 1985. Thus, either the post office or GESCO could easily have proved to Utley that the notice was deposited in the mail within the statutory deadline.

Whereas estoppel is the inhibition to assert a right from the mischief that follows one's own fault, waiver is defined as the voluntary surrender of a known right. A requisite element of proof is an intention to relinquish the right in question. *Ferrantello v. Paymaster Feed Mills*, 336 S.W.2d 644, 647 (Tex.Civ.App.—Dallas 1960, writ ref'd n.r.e.). *See Estes v. Wilson*, 682 S.W.2d 711 714 (Tex.App. 2 Dist. 1984, writ ref'd n.r.e.) (citing *Ferrantello*). The district court apparently found it puzzling that GESCO would intentionally waive its right to assert a McGregor Act claim by post-dating the very envelope that contained the claim itself. We too find such facts convincingly inconsistent with the requisite intention on the part of GESCO to waive its right of recovery.

With respect to all assignments of error on appeal, the judgment of the district court is AFFIRMED.