Leroy H. BAUER, Appellant,

v.

CONSOLIDATED UNDERWRITERS,
Appellee.

No. 16417.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Jan. 16, 1975.

Rehearing Denied Feb. 13, 1975.

McCall & McCall, LeRoy McCall, Hamshire, for appellant.

Vincent W. Rehmet, Houston (Barrow, Bland & Rehmet, Houston, of counsel), for appellee.

EVANS, Justice.

This case involves the construction to be given an automobile insurance policy exclusion which provides that uninsured motorist coverage for bodily injury does not apply when the insured, without written consent of the insuring company, makes settlement with any person or organization "who may be legally liable" for the insured's injury.

This action was brought by Leroy H. Bauer, individually and as next friend for his sons, Leroy H. Bauer, Jr. and Hobart Bauer, against appellee, Consolidated Underwriters, under the uninsured motorist provisions of his insurance contract with appellee for injuries sustained by his sons in a collision with an automobile driven by one Joseph Rawlins.

Prior to the filing of this action, Bauer and his two sons had filed a suit for damages against Joseph Rawlins and that suit was settled by a judgment under which plaintiffs were collectively paid the sum of $5,000.00 by Farmers' Insurance Group, a company which initially issued a policy of automobile liability insurance to Joseph Rawlins. There was evidence that prior to the accident Rawlins had been excluded as a named driver under the policy due to a physical and mental disability.

In the case before us, the jury found that Joseph Rawlins was the driver of the

**880**

automobile involved in the collision with the Bauer's vehicle; that on such occasion Rawlins was an uninsured motorist; that Rawlins failed to stop at the stop sign; that his failure to stop was negligence and that such negligence was the proximate cause of the collision. The jury awarded $4,000.00 as compensation to Leroy Bauer, Jr. and $30,000.00 to Hobart Bauer.

The uncontroverted evidence shows that the consent of Consolidated Underwriters had not been requested or obtained prior to the making of the settlement agreement in the suit brought by the Bauers against Joseph Rawlins.

The trial court in the instant case granted Consolidated's motion for judgment notwithstanding the verdict and entered judgment that the Bauers take nothing. In six points of error Bauer asserts error on the part of the trial court in entry of a take nothing judgment, contending that the jury's finding that Rawlins was an uninsured motorist at the time of the accident establishes that Farmers Insurance Group was not "legally liable" and that Rawlins was conclusively shown to be insolvent at such time and therefore was not "legally liable." Bauer further argues that the exclusion was made solely for the benefit of the insurer and since the insurer could not recover from any person legally liable, it profited by the settlement made by the insured in that it was entitled to a credit for the sum of money received by Bauer under the settlement.

 It has been held that the purpose of the policy exclusion is to protect the company's subrogation rights against the uninsured motorist or other person legally responsible for the insured's injuries. Dairyland County Mutual Ins. Co. of Texas v. Roman, 498 S.W.2d 154 (Tex.1973). The settlement in the case filed by Bauer against Rawlins relieves Rawlins from any liability to Bauer arising out of the accident. The question, then, is whether Rawlins' insolvency at such time means that he was not "legally liable" as that term is used in the policy exclusion.

 The term "legally liable" has been defined by one court as liability under the law as interpreted by the courts. Beck v. Kansas City Public Service Co., 48 S.W.2d 213 (Kansas City Ct. of App.—Mo.1932); see also, Words and Phrases, Perm.Ed., Vol. 24–A, pp. 406–407; 53 C.J.S., Liable, pp. 21–22. There is legal liability if there is an obligation established which would form the basis of a judgment. Fort Worth Cavalry Club, Inc. v. Sheppard, 125 Tex. 339, 83 S.W.2d 660 (1935). The insured's insolvency pertains only to the future collectibility of the judgment. The fact that he did not have funds available to him with which to pay a judgment entered against him would not relieve him of legal liability under the law.

Affirmed.