Julian G. CASTORENA et ux.,
Appellants,

v.

EMPLOYERS CASUALTY COMPANY, a
corporation, Appellee.

No. 6436.

Court of Civil Appeals of Texas,
El Paso.

July 30, 1975.

Rehearing Denied Sept. 3, 1975.

Richard Yetter & Associates, P.C., Richard Yetter, Victor Arditti, El Paso, for appellants.

Kemp, Smith, White, Duncan & Hammond, Jimmy C. Curtis, El Paso, for appellee.

### OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a suit brought by Appellants against their insurer under the uninsured motorist provision of a Texas standard automobile policy. The trial Court granted summary judgment for the insurer. It upheld a policy provision which voided coverage when settlement had been made with another without the prior written consent of the insurer. The judgment will be affirmed.

Appellants were two of four passengers in an automobile driven by one Gonzalez, which was involved in a collision with a car operated by one Miguel Colorado, an uninsured motorist. Uninsured motorist coverage on the Gonzalez vehicle was provided by Aetna Insurance Company. In consideration of the payment to them of $1,000.00, Appellants released Aetna Insurance Company. They then brought this suit against

their own insurer, Appellee, Employers Casualty Company, under the uninsured motorist coverage of their policy.

The defense which the trial Court upheld was a provision of the policy:

"Exclusions. This policy does not apply under Part IV:

"(b) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor."

It is undisputed that the release or settlement with Aetna was made without first obtaining the written consent of the Employers Casualty Company.

■ Under similar, but not identical, fact situations, it has been held that the insured is barred from recovery. *Jessie v. Security Mutual Casualty Company*, 488 S.W.2d 140 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n. r. e.); *Grissom v. Southern Farm Bureau Casualty Insurance Company*, 476 S.W.2d 448 (Tex.Civ.App.—Waco 1972, writ ref'd n. r. e.); *Stephens v. State Farm Mutual Automobile Insurance Company*, 508 F.2d 1363 (5th Cir. 1975). The validity and legitimacy of this particular exclusion from uninsured motorist coverage were upheld by the above decisions. Such a clause is enforceable for the reason that it serves "to protect the company's subrogation rights against the uninsured motorist or any other person legally responsible for the insured's injuries." *Dairyland County Mutual Insurance Company of Texas v. Roman*, 498 S.W.2d 154 (Tex.1973).

Appellants seek to escape the holding of the above cases on the basis that they did not settle with the driver of the automobile but only with his insurer; thus, they say, they did not settle with the person within the meaning of the clause "who may be legally liable therefor." There has been no determination of the driver's responsibility for Appellants' injuries, but if he is liable Appellee is subrogated to Appellants' rights against him. Aetna is obligated to defend the driver and pay within policy limits any judgment against him. There is a distinct difference between recovery against one who may be judgment proof and one backed by a solvent insurer. This is true because the recovery sought is in the form of money. Appellants' release of Aetna, the one obligated to pay that money, is an impairment of their own insurer's subrogation rights.

■ In the case of *Bauer v. Consolidated Underwriters*, 518 S.W.2d 879 (Tex.Civ.App.—Houston (1st Dist.) 1975, no writ), it was contended that the settlement was not with one who was "legally liable," as used in this policy exclusion. The Court overruled the contention and enforced the policy exclusion saying:

"* * * There is legal liability if there is an obligation established which would form the basis of a judgment. *Fort Worth Cavalry Club, Inc. v. Sheppard*, 125 Tex. 339, 83 S.W.2d 660 (1935). * * *"

In the case before us, if the driver was negligent, his tort, combined with his insurer's policy obligation to pay for it, would establish an obligation which would form the basis of a judgment against the insurer. The insurer apparently recognized this for it paid $1,000.00 for the release. It strains credulity to think that such payment would be made if there was no liability. We hold, that within the meaning of the above clause, Appellants' release of the insurer of the car in which they were passengers is a release of one who may be legally liable therefor. Such release precludes any recovery by Appellants.

The same fact situation as the case before us resulted in a summary judgment for the insurer in the case of *Magness v. State Farm Insurance Co.*, Docket No. 1093 (Tex. Civ.App.—Houston (14th Dist.), December 18, 1974) (unreported). Under the authorities cited in this opinion, the exclusionary

clause is valid and enforceable. It does not deprive an insured of the protection required by the Texas uninsured motorist statute. Tex.Ins.Code Ann. art. 5.06–1 (Supp.1967).

All points of error have been considered and all are overruled. The judgment of the trial Court is affirmed.