Victor N. MILLER, Appellant,

v.

The HANOVER INSURANCE
CO., Appellee.

No. 11–86–080–CV.

Court of Appeals of Texas,
Eastland.

Oct. 16, 1986.

Rehearing Denied Nov. 13, 1986.

Bill Davis, Davis & Lanehart, Lubbock, for appellant.

Gregory A. Whigham, McMahon, Smart, Surovik, Suttle, Buhrmann & Cobb, Abilene, for appellee.

OPINION

McCLOUD, Chief Justice.

This case involves underinsured motorist coverage provided in an automobile liability policy. The insured, Victor N. Miller, sued the insurer, The Hanover Insurance Company, on a policy issued to Miller. The trial court granted Hanover's motion for summary judgment. Miller appeals. We affirm.

Miller was involved in an automobile collision with Megan E. Hubbard. Miller sued Hubbard, alleging that Miller was injured as a result of Hubbard's negligence. Hubbard was insured by an automobile liability policy issued by Allstate Insurance Company which provided for bodily injury maximum limits of $15,000 per person. The case between Miller and Hubbard was settled with Allstate paying Miller $15,000 for his bodily injuries and $472.50 for his property damage. Miller signed a settlement agreement and release which released Hubbard from any liability resulting from the collision. Hanover did not expressly consent to the settlement and release. Thereafter, Miller sued Hanover seeking recovery under the underinsured motorist coverage of his policy. Hanover successfully defeated Miller's claim in the trial court on an exclusion in its policy which provides that no underinsured motorist coverage is provided if the insured settles a claim against the driver of an "underinsured motor vehicle" without the consent of Hanover.

Miller first argues that since he settled with Hubbard and her liability insurance carrier for the full policy limits, Hanover could not have refused to give consent; therefore, to require him to obtain Hanover's express consent would be a useless thing and against public policy.

Texas courts have frequently upheld the validity of similar exclusions when considering uninsured motorist coverage. The Supreme Court in *Dairyland County Mutual Insurance Company of Texas v. Roman*, 498 S.W.2d 154 (Tex.1973), stated that the purpose of the exclusion is to protect the insurance company's subrogation rights. See also *Castorena v. Employers Casualty Company*, 526 S.W.2d 680 (Tex.Civ.App.—El Paso 1975, writ ref'd n.r.e.); *McClelland v. United Services Automobile Association*, 525 S.W.2d 271 (Tex.Civ.App.—Beaumont 1975, writ ref'd); *Bauer v. Consolidated Underwriters*, 518 S.W.2d 879 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.); *Grissom v. Southern Farm Bureau Casualty Insurance Company*, 476 S.W.2d 448 (Tex.Civ. App.—Waco 1972, writ ref'd n.r.e.).

Miller's settlement with Hubbard and his release of Hubbard destroyed Hanover's subrogation rights against Hubbard. It is true that the compromise settlement between Miller and Hubbard involved payment to Miller of the full amount of Hubbard's liability limits relating to bodily injury, but the release of Hubbard, individually, extinguished and precluded any further claims against Hubbard by Hanover which would otherwise have had a subrogation claim. Hanover lost the opportunity that it would have possessed under the insurance contract to seek reimbursement from Hubbard, individually, as the underinsured motorist. We hold that the exclusion is not rendered unenforceable and is not against public policy, even though Miller received the full policy limits under Hubbard's liability insurance policy with Allstate.

Next, Miller urges that Hanover waived its right to insist upon compliance with the policy provision requiring Miller to obtain Hanover's consent to settle. Miller relies upon *Swiderski v. Prudential Property and Casualty Insurance Company*, 672 S.W.2d 264 (Tex.App.—Corpus Christi 1984, writ dism'd). *Swiderski* is distinguishable. There, the insurance company's employee wrote a letter to their insured's attorney stating:

> Please provide with proper documentation when you settle with Dairyland Ins. Co. so that I can give consideration to the UIM (under-insured motorist coverage) possibility.

The letter clearly raised a fact issue as to waiver since the letter constituted some evidence that the insurance company acted in a manner inconsistent with, or failed to act in a manner consistent with, the intent to claim the right that it must consent to the settlement. See also *Alford, Meroney & Company v. Rowe*, 619 S.W.2d 210 (Tex. Civ.App.—Amarillo 1981, writ ref'd n.r.e.).

There is no comparable summary judgment proof in the instant case. Here, the proof consists of the affidavit of Miller's attorney that he had told Hanover's em-

ployee, Kathy Kyles, that he was "negotiating with the Allstate Insurance Company, the insurer for Megan E. Hubbard, for the full policy limits of their coverage."

█ The policy expressly provides that "[a] release of the insurer of an under-insured motor vehicle does not prejudice" Hanover's subrogation rights. In the instant case, Miller released Hubbard, Allstate's insured, not merely the "insurer" Allstate. Therefore, the fact that Miller's attorney told Hanover's employee that the attorney was negotiating with Allstate, Hubbard's "insurer," did not require any response from Kyles. More importantly, in *Swiderski* the insurance company's employee expressly acknowledged a specific settlement that their insured was entering into with "Dairyland Ins. Co." and instructed their insured to provide the insurance company with "proper documentation" after the settlement "so that I can give consideration" to the underinsured motorist coverage. In the instant case, the affidavit of Miller's attorney merely states that Hanover was aware of negotiations that "could lead" to a settlement and release.

Miller had the burden to raise an issue of fact as to waiver. *Swiderski v. Prudential Property and Casualty Insurance Company,* supra. The affidavit of Miller's attorney fails to meet that burden. There is nothing in the affidavit to indicate that Hanover waived the contractual provision that Miller could not settle without Hanover's consent.

The judgment of the trial court is affirmed.