Stephen Lee EASLEY, Appellant,

v.

MEMBERS INSURANCE
GROUP, Appellee.

No. B14–90–1034–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 10, 1991.

Rehearing Denied Nov. 7, 1991.

Jack Swisher, Houston, for appellant.

Joe E. Luce, Alfred C. Koenig, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

A summary judgment was granted the defendant in an action for damages pursuant to the "underinsured" provisions of an automobile insurance policy. A motion for new trial was overruled by operation of law. Appellant brings three points of error. We affirm.

In the Fall of 1986, while on foot in the parking lot of a mall in Baytown, appellant was struck by an automobile driven by Jeffrey Scott Ruiz, a minor. He sued the driver and his parents for his injuries sustained as a result of the collision. The Ruiz' insurance company filed a petition in intervention. In the Fall of 1988, the lawsuit was settled for $100,000. Appellant signed an agreement releasing all defendants and potentially liable persons from any further liability resulting from the accident.

Slightly more than a year after the settlement of the Ruiz lawsuit, appellant contacted appellee seeking recovery under the underinsured motorist provisions of an automobile insurance policy issued to his wife. Since appellant had entered into the settlement agreement in the prior suit without first consulting with and obtaining the consent of appellee, appellee denied the claim. Such notice was expressly required by the terms of the policy. This lawsuit was then filed. Appellee answered and moved for summary judgment. Appellant failed to respond to the motion, and summary judgment was granted. Appellant then filed a motion for new trial which was overruled by operation of law.

In his first point of error, appellant alleges that the trial court erred in granting summary judgment since there are material fact issues. Appellant neither briefed, argued, nor otherwise pointed out such fact issues. In fact, the appellant's brief suggests appellant agrees with appellee's facts set forth in its motion for summary judgment. Even if there were fact issues, appellant has waived the right to complain by failing to raise them in response to appellee's motion for summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 679 (Tex.1979). Since he filed no response to the motion, the only contention that appellant can make on appeal is that the grounds for the motion are legally insufficient. *Id.* at 678. This contention is not made. Appellant's first point of error is overruled.

In his second point of error, appellant argues summary judgment was improper because the consent-to-settlement clause in the insurance policy is not consistent with and does not further the purpose of TEX.INS.CODE ANN. art. 5.06–1 (Vernon 1981) and is, therefore, invalid. Texas courts have consistently and frequently upheld the validity of similar consent-to-settlement clauses when considering uninsured motorist coverage. In *Dairyland County Mutual Insurance Company of Texas v. Roman*, 498 S.W.2d 154 (Tex. 1973), the Supreme Court stated that the purpose of the exclusion is to protect the insurance company's subrogation rights. *See also Miller v. Hanover Insurance Co.,*

718 S.W.2d 429 (Tex.App.—Eastland 1986, writ ref'd n.r.e.); *Smith v. Central Mutual Insurance Co.*, 555 S.W.2d 891 (Tex.Civ. App.—Beaumont 1977, no writ); *Castorena v. Employers Casualty Co.*, 526 S.W.2d 680 (Tex.Civ.App.—El Paso 1975, writ ref'd n.r.e.). Appellant neither consulted appellee nor obtained its consent prior to settling the Ruiz lawsuit. This act was in direct violation of the terms of the insurance policy and destroyed appellee's subrogation rights. Thus, appellee was entitled to exercise its contractual rights under the insurance policy by denying appellant's claim.

Appellant argues that this provision is inconsistent with and does not further the purpose of TEX.INS.CODE ANN. art. 5.06-1 (Vernon 1981). Appellant's argument is based solely on the Supreme Court's decision in *Stracener v. United Services Automobile Association*, 777 S.W.2d 378 (Tex. 1989). There the court was concerned with determining the underinsured status of a motor vehicle under article 5.06-1(2)(b) of the Texas Insurance Code, and deciding on the proper construction of article 5.06-1(5). Subsection (5) provides for a set off in the amount an injured person can recover from the tortfeasor's insurer. That court did not consider the question of the validity of consent-to-settlement clauses which is raised here.

Appellant quotes *Stracener* where it recognized that the intent of the insured in purchasing underinsured motorist coverage was to protect his own family and guests from the negligence of others. Appellant argues that this intent is frustrated if effect is given to the consent-to-settlement clause in the instant case. *Stracener* merely corrected a misinterpretation of article 5.06-1 and allowed an injured party to recover under his own underinsured coverage when the liability coverage of a negligent tortfeasor is insufficient to compensate the injured party fully for his actual damages. *Stracener* did not relieve an insured of his contractual duties and obligations under his insurance policy. It also did not question the insurance company's rights of subrogation. This court cannot modify appellee's contractual rights. This provision has always been a part of such a policy and has long been recognized by this state. If there is to be a change, it should be by the legislature and not by a court. Appellant's second point of error is overruled.

■ In his third point of error, appellant claims that the trial court abused its discretion in granting summary judgment because the policy provisions at issue are invalid. The validity of the consent-to-settlement provision has been discussed and affirmed under appellant's second point of error. Additionally the granting of a summary judgment was not a discretionary act. Because appellant chose not to file a response to appellee's motion for summary judgment, there were no fact issues to determine. Rule 166a(c) of the Texas Rules of Civil Procedure states that a summary judgment "shall be rendered forthwith ..." if certain requirements set forth in the rule are met. *See* TEX.R.CIV.P. 166a(c). "The duty of the court hearing the motion for summary judgment is to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility ..." *Wylie v. Reed*, 579 S.W.2d 329, 333 (Tex.Civ.App.—Waco 1979), *affirmed*, 597 S.W.2d 743 (Tex.1980). Appellant's third point of error is overruled.

Although the table of contents in appellant's brief refers to a fourth point of error, page eight is missing from the brief, and there is no discussion elsewhere concerning this purported point of error. Therefore, any fourth point of error will not be considered by this court.

Judgment is affirmed.