# NO. 12-18-00141-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AMERICAN NATIONAL COUNTY MUTUAL INSURANCE COMPANY, APPELLANT* | § | *APPEAL FROM THE 4TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *TINA HOLLAND, APPELLEE* | § | *RUSK COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

American National County Mutual Insurance Company (American National) appeals the trial court's judgment in favor of Tina Holland. In six issues, American National argues the trial court should have severed and abated the extracontractual claims and the evidence is insufficient to support the jury's findings. We reverse and remand in part and reverse and render in part.

## BACKGROUND

In April 2015, Holland was involved in a motor vehicle collision with a vehicle driven by Nhachi Nguyen. Holland was covered by a personal automobile insurance policy with American National at the time of the accident. That policy included underinsured motorist (UIM) benefits with a limit of $100,000 per person and personal injury protection (PIP) benefits of $2,500. Holland contacted American National following the accident and informed it that she intended to recover her damages from Nguyen's insurance carrier. At the time of the accident, Nguyen was insured by Allstate, with bodily injury limits of $30,000. Holland also told American National that she did not intend to make a PIP claim at that time.

In June 2016, American National received a letter from Holland's counsel that included Nguyen's liability limits and referenced Holland's UIM benefits. Holland's counsel sought permission to settle with Allstate should a settlement offer be made. American National responded

that Holland could settle "so long as it is within [Allstate's] policy limits and no payments are claimed under the PIP or the UIM coverage." When Holland's counsel requested permission to settle after an offer had been made, American National granted permission. After settling with Nguyen and Allstate, Holland requested payment of the full UIM benefits.

Holland requested PIP benefits on November 3, 2016. An email from Holland's counsel informed American National that Holland was making a claim for both PIP and UIM benefits under her policy. Holland's counsel also wrote a letter on November 4, 2016, in which he requested reimbursement for Holland's medical expenses under her PIP coverage. American National paid the full PIP benefits on December 13, 2016.

Holland subsequently sued American National for breach of contract under the UIM provision of her policy and for violations of the Texas Insurance Code and general insurance principles. American National filed a motion to sever and abate. The motion was not heard until after voir dire, and the trial court denied the motion.

Following trial, the jury found Holland suffered damages totaling $120,000 as a result of the accident. The jury further found that American National engaged in an unfair or deceptive act or practice and violated the duty of good faith and fair dealing but did not untimely pay the PIP benefits. After finding that American National's conduct was "knowingly," the jury assessed $10,000 in additional damages and attorney's fees. American National filed a motion for judgment notwithstanding the verdict and a motion for new trial. The trial court rendered judgment consistent with the jury's verdict and denied American National's motions. This appeal followed.

## SEVERANCE

In its first issue, American National contends the trial court abused its discretion when it denied American National's motion to sever and abate Holland's extracontractual claims.

### Standard of Review

The trial court has broad discretion in the severance of causes of action. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 734 (Tex. 1984). However, that discretion is not unlimited. *See U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 671 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding). The trial court has a duty to order severance when "all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and

the legal rights of the parties will not be prejudiced thereby." ***Womack v. Berry***, 291 S.W.2d 677, 683 (Tex. 1956).

In most circumstances, a trial court's decision to grant or deny a motion to abate is within the court's discretion. ***In re Allstate Cty. Mut. Ins. Co.***, 209 S.W.3d 742, 746 (Tex. App.–Tyler 2006, orig. proceeding). Abatement of extracontractual claims is required when, under the circumstances, both parties would incur unnecessary expenses if the breach of contract claim were decided in the insurer's favor. ***In re Am. Nat'l Cty. Mut. Ins. Co.***, 384 S.W.3d 429, 436 (Tex. App.–Austin 2012, orig. proceeding). Thus, abatement is necessary when a determination on the breach of contract claim in favor of the insurer will negate the insured's extracontractual claims. ***Id***. Without the abatement, the parties would be put to the effort and expense of conducting discovery and preparing for trial of claims that may be disposed of in a previous trial. ***Id***.

## Applicable Law

Any claim against a party may be severed and proceeded with separately. TEX. R. CIV. P. 41. Claims are properly severable if the controversy involves more than one cause of action, the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and the severed claim is not so interwoven with the remaining action that it involves the same facts and issues. ***Guar. Fed. Sav. Bank v. Horseshoe Operating Co.***, 793 S.W.2d 652, 658 (Tex. 1990). The controlling reasons to allow a severance are to avoid prejudice, do justice, and promote convenience. ***F.F.P. Operating Partners, L.P. v. Duenez***, 237 S.W.3d 680, 693 (Tex. 2007). A severance divides the lawsuit into two or more separate and independent causes. ***Hall v. City of Austin***, 450 S.W.2d 836, 837-38 (Tex. 1970). When this has been done, a judgment that disposes of all parties and issues in one of the severed causes is final and appealable. ***Id***. at 838.

In the context of insurance cases, a breach of an insurance contract claim is separate and distinct from bad faith, Insurance Code, or DTPA causes of action and each might constitute a complete lawsuit within itself. *See* ***Millard***, 847 S.W.2d at 672; *see also* ***Liberty Nat. Fire Ins. Co. v. Akin***, 927 S.W.2d 627, 629 (Tex. 1996). But, in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract. ***Akin***, 927 S.W.2d at 629. And, in insurance cases involving bad faith claims, the Texas Supreme Court has recognized that severance may be necessary if the "insurer has made a settlement offer on the disputed contract claim" or if there are "other compelling circumstances." ***Id***. at 630.

3

An insurer generally cannot be liable for failing to settle or investigate a claim that it has no contractual duty to pay. *See Progressive Cty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005). In the context of UIM coverage, an insurer is under no contractual duty to pay UIM benefits until the insured proves that the insured has UIM coverage, that the other driver negligently caused the accident that resulted in covered damages, the amount of the insured's damages, and that the other driver's insurance coverage is deficient. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). Thus, an insured generally must first establish that the insurer is liable on the contract before the insured can recover on extracontractual causes of action against an insurer for failing to promptly pay, failing to settle, or failing to investigate an underinsured motorist insurance claim. *In re Allstate Cty. Mut. Ins. Co.*, 447 S.W.3d 497, 501 (Tex. App.–Houston [1st Dist.] 2014, orig. proceeding). As a result, Texas case law establishes that severance and abatement of extracontractual claims is required in many instances in which an insured asserts a claim for UIM benefits. *Id*.

**Analysis**

American National argues that the trial court abused its discretion when it failed to sever Holland's extracontractual claims from the remainder of her causes of action. According to American National, Holland was allowed to introduce evidence pertaining to the extracontractual claims that inflated her UIM damages award. As a result, American National argues, it was prejudiced by the failure to sever and abate. Holland argues that American National waived its argument for a severance and that it was not prejudiced by the cases being tried together.

Holland argues that American National waived its motion to sever by not presenting it to the court for argument until after voir dire. We disagree. Texas Rule of Civil Procedure 41 provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added, or suits filed separately may be consolidated, or actions which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties, by order of the court on motion of any party or on its own initiative at any stage of the action, before the time of submission to the jury or to the court if trial is without a jury, on such terms as are just. Any claim against a party may be severed and proceeded with separately.

TEX. R. CIV. P. 41.

4

"A literal interpretation of Rule 41 implies that only complaints about improper joinder must be made prior to the time of submission to the jury." *Arlitt v. Weston*, No. 04-98-00035-CV, 1999 WL 1097101, at *4 (Tex. App.–San Antonio Dec. 1, 1999, pet. denied) (not designated for publication). And, "[o]therwise, the general rule that [a]ny claim against a party may be severed and proceeded with separately applies, and the motion may be made at any time." *Id.* (internal quotations omitted). However, the Texas Supreme Court has interpreted Rule 41 to mean that "all '[p]arties and actions may be severed at any stage of the action, *before the time of submission to the jury.*'" *Id.* (emphasis added) (quoting *State Dep't of Highways & Pub. Trans. v. Cotner*, 845 S.W.2d 818, 819 (Tex. 1993)); *see* TEX. R. CIV. P. 41. Thus, Rule 41 does not "permit a trial court to sever a case *after* it has been submitted to the trier of fact." *Cotner*, 845 S.W.2d at 819 (emphasis added). A trial court abuses its discretion in ordering a severance *after* a jury verdict, "regardless of the [three]-pronged test [for] severability." *Arlitt*, 1999 WL 1097101, at *4. Therefore, because American National presented its argument to the court and obtained a ruling prior to the case's submission to the jury, American National preserved its argument before this Court. *See* TEX. R. APP. P. 33.1.

Holland's petition alleged that American National breached its duty of good faith and fair dealing by conditioning its consent to settle the underlying claim on Holland's agreement to waive her UIM and PIP benefits. According to Holland, the letter violated the duty of good faith and fair dealing as well as Section 541.060(a)(2)(B) of the Texas Insurance Code. Under Section, 541.060(a)(2)(B), it is an unfair settlement practice to fail to attempt in good faith to effectuate a prompt, fair, and equitable settlement of "a claim under one portion of the policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion." TEX. INS. CODE ANN. § 541.060(a)(2)(B) (West 2009). She further claimed that American National failed to timely acknowledge her claim. Under Section 542.055 of the Texas Insurance Code, an insurance company must acknowledge receipt of a claim, commence any investigation of a claim, and request all items, statements, and forms it reasonably believes will be required from the claimant within fifteen business days. *Id.* § 542.055(a) (West 2009). According to Holland, these claims did not require severance because they were not related to her UIM claim and not predicated on the failure to settle the UIM claim.

5

Holland further argues that American National was not prejudiced by the claims being tried together. We disagree.

It is undisputed that the extracontractual claims would be the proper subject of a lawsuit if independently asserted and not so interwoven with the UIM claim that they involve the same facts and issues. *See* **Millard**, 847 S.W.2d at 672; *see also* **Akin**, 927 S.W.2d at 629. Therefore, the primary inquiry is whether American National was prejudiced by the failure to sever.

At trial, Holland testified that she was aggravated with her insurance company because her UIM claim had not been paid:

> Q. And you were asked about what you were going to do at the beginning of this and your dealings with the insurance company. Before you got involved in this, did you understand, I mean, did you really understand that you had $100,000 that your insurance could pay to you? I mean, did you really understand the concept of underinsured motorist benefits before this litigation?
>
> A. I understand that I have $300, $100, $300, and if I'm in an accident, that should be an option, and they are not giving it to me, haven't even come close to offering what my medical has been.
>
> Q. Mrs. Holland, as we're sitting here today, and they're talking about PIP payments coming late and that not causing you any grief, I mean, I understand $2,500 may not have caused you financial hardship; is that right?
>
> A. Right.
>
> Q. Did it cause you grief that your insurance can be late, but you can't?
>
> A. Oh, yeah.
>
> Q. Did it cause you grief that you've paid premiums and you have medical history -- medical in the future that you want to be able to pay for?
>
> A. Yes.
>
> Q. Has that caused you grief?
>
> A. Yes. It's not grief. It's, again, anger. It's, you know.
>
> Q. You can call it whatever you want, but, I mean, there's things in the future that you just can't pay out-of-pocket?
>
> A. Right.
>
> Q. And I don't know if you're a little bit more relaxed than I am, but, I mean, have you worried about that at all?
>
> A. If I have to pay a hundred -- $70,000 for a surgery, yeah, I'm not going to be happy about that.
>
> Q. And why wouldn't you be happy about that?
>
> A. I don't have seventy-five -- $70,000 sitting in the bank account.

Holland was also asked about her interactions with the insurance company. One of Holland's claims concerned a letter from American National. Holland's counsel had requested permission to settle her claim against Nguyen should the insurer make a settlement offer. In response, American National stated, "We agree with permission to proceed with settlement against Ms. Nguyen's liability policy with Allstate so long as it is within their policy limits and no payments are claimed under the PIP or the UIM coverage." Once Nguyen's insurer made an offer, American National granted permission to settle per the terms of the policy. However, this initial letter is the basis of Holland's claim that American National violated the duty of good faith and fair dealing. Holland testified to the following:

> Q. Now, we saw your premium page earlier. Did you pay for PIP and UIM?
>
> A. Yes.
>
> Q. So looking at this letter, how did that make you feel?
>
> A. Well, I'm pretty aggravated with my insurance company. Like I said, I've had insurance with them for 22 years and never made -- done anything like this. I'm surprised that we're here today.
>
> Q. Was it -- I mean, your involvement with our office has been at least, I believe, the latter part of 2015; is that correct?
>
> A. Yes.
>
> Q. I mean, has this been a pleasant experience?
>
> A. No.
>
> Q. Has this caused you -- can you tell the jury whether or not this has caused you any type of anxiety dealing with your insurance company like this?
>
> A. I don't know if it's anxious or just mad, because I've paid them so much over the last 22 years.

In addition, Holland's counsel emphasized these points in closing argument.

> Ladies and gentlemen, opposing Counsel is right. This is about money. This is about benefits that Mrs. Holland has paid to her insurance company that she's entitled to, and they haven't paid her anything over $2,500. And she's had to drag them through discovery, drag them through depositions that were delayed, drag them to here for you to hear about that.
> . . .
> You heard that [] this has been a fine experience for Mrs. Holland. She has -- this has not bothered her one bit. I can only imagine Mrs. Holland, as she's being told time and time again by her insurance company, "We're not going to pay for that. We're not going to pay for that. Or we paid that late, sorry. Got to take us to court to do that. Sorry."

The above detailed evidence would not have been admissible in an ordinary UIM claim case. Because an insurer has no duty to pay UIM benefits until the underlying damages in excess of the third party's insurance limits are proven, these issues are not relevant to establishing those damages. *See* TEX. R. EVID. 401, 402; *Brainard*, 216 S.W.3d at 818. Holland argued that she suffered financial hardship and aggravation because her UIM benefits were not paid. However, UIM benefits are not owed until Holland obtains a judgment establishing that Nguyen was an underinsured driver and showing the extent of Holland's damages. *See Brainard*, 216 S.W.3d at 818. Accordingly, the record indicates that the extracontractual claims were used to prejudice the jury against American National. As a result, the jury inflated the damages award to ensure Holland received the entirety of her $100,000 in UIM benefits.[1]

This conclusion is further supported by the fact that, during deliberations, the jury sent the following note to the court regarding Holland's damages for the car accident:

> "On question 1 on all blanks the $ we put on the blanks (8 of them) will that total # go to Ms. Holland?"

Ultimately, the jury awarded $15,000 in each of the eight damages categories for a total award of $120,000. This amount was awarded in spite of the fact that the jury found American National did not mishandle Holland's PIP claim. Therefore, it appears the evidence submitted by Holland in support of her alleged extracontractual claims was introduced solely to incite anger against American National so that Holland would recover as much of her UIM benefits as possible. Therefore, the failure to sever the extracontractual claims caused prejudice to American National and probably resulted in the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a). We sustain American National's first issue.

## SUFFICIENCY OF THE EVIDENCE

In its second issue, American National argues the evidence is insufficient to support the jury's finding that it engaged in an unfair or deceptive act or practice. In its third issue, it contends

---

[1] Additionally, evidence of Nguyen's liability limits, as well as Holland's UIM coverage limits, are immaterial to the issues before the jury and inadmissible. *See Liberty Mut. Ins. Co. v. Sims,* No. 12-14-00123-CV, 2015 WL 7770166, at *9 (Tex. App.—Tyler Dec. 3, 2015, pet. denied) (mem. op.). This is because knowledge of those amounts could affect the jury's damages verdict. *Id*. at *8.

the evidence does not support the jury's finding that American National failed to comply with its duty of good faith and fair dealing. Even though we sustained American National's first issue, we address its legal sufficiency arguments because if sustained, it is our duty to reverse and render. *See Nat'l Life Accident Ins. Co. v. Blagg*, 438 S.W.2d 905, 909 (Tex. 1969); *see also In re C.S.*, 208 S.W.3d 77, 83 (Tex. App.—Fort Worth 2006, pet. denied).

**Standard of Review**

In conducting a legal sufficiency review of the evidence, we must consider all the evidence in the light most favorable to the verdict and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). In determining whether legally sufficient evidence supports the finding under review, we must consider evidence favorable to the finding, if a reasonable fact finder could consider it, and disregard evidence contrary to the finding, unless a reasonable fact finder could not disregard it. *Id.* at 827; *Brown v. Brown*, 236 S.W.3d 343, 348 (Tex. App.–Houston [1st Dist.] 2007, no pet.). If the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, the fact finder must be allowed to do so. *City of Keller*, 168 S.W.3d at 822; *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). We will sustain a legal sufficiency or "no evidence" challenge if the record shows one of the following: (1) a complete absence of evidence of a vital fact, (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller*, 168 S.W.3d at 810.

More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded jurors to differ in their conclusions. *Wal–Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam); *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). Any ultimate fact may be proved by circumstantial evidence. *Russell v. Russell*, 865 S.W.2d 929, 933 (Tex. 1993). A fact is established by circumstantial evidence when the fact may be fairly and reasonably inferred from other facts proved in the case. *Id.* Evidence that is so slight as to make any inference a guess is in legal effect no evidence. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). Moreover, under the equal inference rule, a factfinder may not reasonably infer an ultimate fact from meager circumstantial evidence which could give rise to any number of inferences, none more probable than another. *See Hancock v. Variyam*, 400 S.W.3d 59, 70–71 (Tex. 2013).

**Analysis**

In her petition, Holland alleged two grounds for her extracontractual claims against American National. First, she claimed American National failed to timely pay her PIP benefits. Second, she alleged American National conditioned permission to settle on Holland waiving her PIP and UIM benefits.

With regard to the prompt payment claim, the evidence at trial showed that the motor vehicle collision occurred on April 28, 2015. Holland immediately notified American National that she intended to collect her damages from Nguyen and Nguyen's insurance company. On May 4, 2015, American National sent Holland an application for PIP benefits. Holland neither responded nor requested PIP benefits until eighteen months later. On November 3, 2016, Holland tendered her claim for PIP benefits to American National. The PIP benefits were paid in full in December 2016. Holland argued the PIP benefits were paid late; however, the jury found that American National did not untimely make the PIP payment. As a result, the alleged failure to untimely pay PIP benefits cannot serve as the basis for the jury's findings that American National engaged in a deceptive or unfair act or practice and violated the duty of good faith and fair dealing.

The remainder of Holland's claim that American National acted in bad faith and deceptively centers around a June 29, 2016, letter from American National. On June 27, 2016, Holland's counsel requested permission to settle the claim against Nguyen should a settlement offer be made. The letter stated in pertinent part:

> The purpose of this letter is to request your written permission to settle the claim against Ms. Nguyen should Ms. Nguyen make a settlement offer which would release her and her automobile insurance carrier from liability for the accident and resulting injuries. We would respectfully request your immediate written consent for Ms. Holland to accept a settlement offer if such offer is made so that this claim against Ms. Nguyen may be resolved.

American National responded by letter on June 29, 2016:

> This letter is in response to your request for permission of settlement. We agree with permission to proceed with settlement against Ms. Nguyen's liability policy with Allstate so long as it is within their policy limits and no payments are claimed under the PIP or the UIM coverage.

Holland's petition urged that this letter violated American National's duty of good faith and fair dealing and Section 541.060(a)(2) of the Texas Insurance Code. She argues that the letter

10

"misstates the rights of Holland by attempting to condition permission to settle [with] the underlying motorist by having Holland waive her PIP and UIM claims." As a result, Holland contends the evidence is sufficient to support the jury's findings that American National engaged in a deceptive or unfair act or practice and violated the duty of good faith and fair dealing.

In Question 2, the jury was instructed that it is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Insurance Code. *See* TEX. INS. CODE ANN. § 541.061 (West 2009). The jury found that American National engaged in such an act.

In Question 3, the jury was instructed that, per the Texas Insurance Code, an insurer violates its duty of good faith and fair dealing, as pertinent to this case, in the following manner: (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably clear; or (B) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion; or (3) refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy. *See id*. § 541.060(a)(1), (2), (5) (West 2009). The jury found that American National violated this duty.

The evidence at trial showed that Holland's counsel's letter requested permission to settle when no settlement offer had been made. At the time of the letter, Holland represented that she did not intend to seek PIP or UIM benefits. In June 2016, American National had no information by which it could evaluate its subrogation rights, if any, against Nguyen and Allstate. The purpose of the consent-to-settlement letter in an UIM case is to protect the insurance company's subrogation rights. *See Easley v. Members Ins. Group*, 828 S.W.2d 39, 40 (Tex. App.—Houston

11

[14th Dist.] 1991, no writ).  As a result, the letter does not misrepresent Holland's rights or policy provisions and does not constitute, in this context, an unfair settlement practice.  *See* TEX. INS. CODE ANN. §§ 541.060, 541.061.  Furthermore, the evidence demonstrated that American National gave consent to settle within two days once it was presented with an actual settlement offer.  Thereafter, Holland settled with Nguyen and Allstate and filed suit for her UIM benefits as required by *Brainard*.  Because American National has no duty to pay Holland's UIM benefits until Nguyen's liability and Holland's damages are determined in a court proceeding, the June 2016 letter was sent before American National had a duty to pay.  Consequently, at the time of the letter, American National had no duty to settle Holland's UIM claim and could not breach its duty regarding payment of UIM benefits.  *See Progressive Cty. Mut. Ins. Co.*, 177 S.W.3d at 922; *Brainard*, 216 S.W.3d at 818; *In re Allstate Cty. Mut. Ins. Co.*, 447 S.W.3d at 501.  Therefore, American National could not have engaged in an unfair or deceptive settlement practice or violated its duty of good faith and fair dealing at the time of the June 2016 letter.

Based on the foregoing, we determine there was no evidence to support the jury's findings that American National engaged in a deceptive or unfair act or practice or that American National violated its duty of good faith and fair dealing.  *See City of Keller*, 168 S.W.3d at 822.  Because the evidence is legally insufficient, we sustain American National's second and third issues and need not address its remaining issues.[2]  *See* TEX. R. APP. 47.1.

**DISPOSITION**

Having sustained American National's first issue, we *reverse* the trial court's order denying the motion to sever the extracontractual claims and *remand* the contractual UIM claim for a new trial.  Because we sustained American National's second and third issues, we *reverse* the trial court's judgment and *render* a take nothing judgment in favor of American National on Holland's claims of a deceptive or unfair act or practice and any violation of the duty of good faith and fair dealing.

---

[2] In its fourth issue, American National contends the evidence is insufficient to support the jury's finding that it engaged in any deceptive practice "knowingly."  In its fifth and sixth issues, American National argues the trial court erred in awarding additional damages and attorneys' fees because no actual damages were found in relation to the extracontractual claims.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 20, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 20, 2019**

**NO. 12-18-00141-CV**

**AMERICAN NATIONAL COUNTY MUTUAL INSURANCE COMPANY,**
Appellant
V.
**TINA HOLLAND,**
Appellee

Appeal from the 4th District Court

of Rusk County, Texas (Tr.Ct.No. 2016-361)

THIS CAUSE came to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the trial court's order denying the motion to sever the extracontractual claims be **reversed** and the contractual UIM portion of the case be **remanded** for a new trial. It is further ORDERED, ADJUDGED and DECREED that the trial court's judgment be **reversed** and a take nothing judgment be **rendered** in favor of **AMERICAN NATIONAL COUNTY MUTUAL INSURANCE COMPANY** on Tina Holland's claims of a deceptive or unfair act or practice and any violation of the duty of good faith and fair dealing. All costs of this appeal are hereby adjudged against the Appellee, **TINA HOLLAND**, in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*